UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAUL ANTHONY DAVIS,                    ) Case No. CV 09-1259-DSF(RC)
                                       )
                    Petitioner,        )
                                       ) OPINION AND ORDER
vs.                                    )
                                       )
LINDA SANDERS, WARDEN,                 )
                                       )
                    Respondent.        )
_____)

     On February 17, 2009, petitioner Paul Anthony Davis, a federal
inmate confined in this judicial district, filed a purported petition
for writ of habeas corpus under 28 U.S.C. § 2241, challenging his
sentence of 322 months imprisonment for being convicted of the
offenses of felon in possession of a firearm, in violation of 18
U.S.C. §§ 922(g)(1) and 924(e), and the use and carrying of a firearm
during the commission of a drug trafficking crime, in violation of 18
U.S.C. § 924(c)(1).  Specifically, petitioner claims that "the use of
juvenile priors to enhance [petitioner's sentence] is in violation of
the Tenth Amendment and caused [petitioner] to be actually innocent of
the sentence."  Petition at 5.  The petitioner, thus, claims, "the
trial court applied an unconstitutional enhancement statute, see 18

1  U.S.C. § 924(e)(2)(C)." <u>Id.</u> at 6.

2

3                              **BACKGROUND**

4        On July 16, 1993, in United States District Court for the

5  Southern District of California case no. CR 92-0687-R,[1] a jury

6  convicted petitioner of being a felon in possession of a firearm, in

7  violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and the use and

8  carrying of a firearm during the commission of a drug trafficking

9  crime, in violation of 18 U.S.C. § 924(c)(1), and petitioner was

10  subsequently sentenced to 322 months in prison.   The Ninth Circuit

11  Court of Appeals affirmed petitioner's convictions and sentence in an

12  unpublished decision filed January 10, 1997, and the Supreme Court

13  denied certiorari on November 10, 1997.   <u>United States v. Davis</u>, 106

14  F.3d 409 (9th Cir.) (unpublished decision), <u>cert.</u> <u>denied</u>, 522 U.S. 976

15  (1997).

16

17        On or about June 23, 1998, petitioner filed a motion to vacate,

18  set aside, or correct his sentence under 28 U.S.C. § 2255 in the

19  District Court for the Southern District of California, and the

20  district court dismissed the motion as untimely on September 14, 1999.

21  The petitioner appealed the judgment to the Ninth Circuit, which, on

22  July 25, 2000, vacated the judgment and remanded the motion to the

23  district court for consideration of the merits.   Following remand,

24  petitioner filed a supplemental motion to vacate his conviction and

25  sentence under Section 2255, claiming, among other things, that his

26  _____

27        [1]  The Court takes judicial notice, pursuant to Fed. R.
     Evid. 201, of the docket sheet and related documents in Southern
28  District of California case no. CR 92-0687-R.

sentence violated the Fifth and Sixth Amendments under <u>Apprendi v. New</u>
<u>Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000),
because the trial court enhanced his sentence under the Armed Career
Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), even though his prior
crimes were not charged in the indictment and the jury was not
instructed it must find the prior convictions were proven beyond a
reasonable doubt.  In his supplemental motion, petitioner claimed
*Apprendi* undermined <u>Almendarez-Torres v. United States</u>, 523 U.S. 224,
118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), which, he argued, supported
his claim.  On June 21, 2001, the district court denied petitioner's
Section 2255 motion on the merits.

On January 16, 2003, the Ninth Circuit affirmed the trial court's
denial of petitioner's Section 2255 motion, and the Supreme Court
denied certiorari on May 19, 2003.  <u>United States v. Davis</u>, 59
Fed. Appx. 176 (9th Cir.) (unpublished decision), <u>cert.</u> <u>denied</u>, 538
U.S. 1052 (2003).  In denying petitioner's appeal, the Ninth Circuit
held there were no Supreme Court cases "support[ing] [petitioner's]
argument that the ACCA is a separate crime with elements that must be
proven beyond a reasonable doubt rather than a sentencing enhancement
that need not be presented to the jury."  <u>Id.</u> at 178.

### DISCUSSION

The Court, having reviewed the pending petition, has determined
it is a second or successive motion to vacate, set aside or correct
petitioner's sentence under 28 U.S.C. § 2255, rather than a habeas
corpus petition under 28 U.S.C. § 2241.  <u>See</u> <u>Hernandez v. Campbell</u>,
204 F.3d 861, 865 (9th Cir. 2000) (per curiam) ("[A] court must first

determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."). In making this determination, the Court has considered whether the pending action comes within Section 2255's "savings clause," and, for the reasons discussed below, has determined it does not.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted), cert. denied, 549 U.S. 1313 (2007); Harrison v. Ollison, 519 F.3d 952, 955-56 (9th Cir.), cert. denied, 129 S. Ct. 254 (2008). By contrast, a habeas corpus petition under 28 U.S.C. § 2241 is the appropriate mechanism by which a federal prisoner challenges the manner, location or conditions of the execution of his sentence. Hernandez, 204 F.3d at 864. The distinction between a motion to vacate, set aside or correct a sentence under Section 2255 and a habeas corpus petition under Section 2241 affects not only the type of relief generally available, but also whether a particular district court has jurisdiction to hear the request. Id. at 865. Section 2255 motions must be heard in the district court in which the federal prisoner was convicted and sentenced, whereas habeas corpus petitions under Section 2241 may be heard in the district court in which the federal prisoner is confined. Id.

Although petitioner is currently confined in the Central District of California, and this Court has jurisdiction to hear a habeas corpus

1  petition under Section 2241, the claim petitioner raises in this
2  action directly challenges the legality of his sentence; thus,
3  petitioner's claim is presumptively cognizable only in a Section 2255
4  motion to vacate sentence, which must be filed in the District Court
5  for the Southern District of California.  Nevertheless, Section 2255
6  has an "escape hatch" or "savings clause," which provides that "[a]
7  federal prisoner may file a habeas petition under § 2241 to challenge
8  the legality of a sentence when the prisoner's remedy under § 2255 is
9  'inadequate or ineffective to test the legality of his detention.'"
10 Harrison, 519 F.3d at 956; Stephens, 464 F.3d at 897.  The petitioner
11 has the burden of demonstrating Section 2255 is "inadequate or
12 ineffective."  Redfield v. United States, 315 F.2d 76, 83 (9th Cir.
13 1963).

14

15     The "inadequate or ineffective" exception is "narrow[,]" Ivy v.
16 Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 540 U.S. 1051
17 (2003); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997), and
18 "the general rule . . . is that the ban on unauthorized second or
19 successive petitions does not per se make a § 2255 'inadequate or
20 ineffective.'"  Stephens, 464 F.3d at 898 (quoting Lorentsen v. Hood,
21 223 F.3d 950, 953 (9th Cir. 2000) (quoting § 2255)); see also Ivy,
22 328 F.3d at 1059 ("§ 2255's remedy is not 'inadequate or ineffective'
23 merely because § 2255's gatekeeping provisions prevent the petitioner
24 from filing a second or successive petition. . . ." (citation
25 omitted)).  However, "a motion meets the escape hatch criteria of
26 § 2255 'when a petitioner (1) makes a claim of actual innocence, and
27 (2) has not had an unobstructed procedural shot at presenting that
28 claim.'"  Harrison, 519 F.3d at 959 (citation omitted); Stephens,

464 F.3d at 898.  "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'"  Stephens, 464 F.3d at 898 (citation omitted).  To determine "whether a petitioner had an unobstructed procedural shot to pursue his claim, [the Court asks] whether petitioner's claim 'did not become available' until after a federal court decision."  Harrison, 519 F.3d at 960 (quoting Stephens, 464 F.3d at 898).  That is, the Court must consider: "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion."  Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61).

Here, petitioner's claim of "actual innocence" challenges his sentence, rather than the offenses of which petitioner was convicted, and is purportedly based on Almendarez-Torres.  See Petition at 1-2.  However, petitioner cannot show that he did not have an unobstructed procedural shot at presenting a claim under Almendarez-Torres.  To the contrary, both petitioner and the Government extensively briefed the applicability of Almendarez-Torres in petitioner's Section 2255 motion.  Moreover, petitioner has not shown that the law has changed in any manner relevant to petitioner's claim since his Section 2255 motion.  Therefore, petitioner "cannot establish that he 'has not had an unobstructed procedural shot' at presenting his claim, and thus cannot qualify for the escape hatch."  Harrison, 519 F.3d at 898 (citation omitted).

//

1    Moreover, a claim of sentencing error "is not, by itself, a claim

2    of actual innocence." Stephens, 464 F.3d at 899.  Rather, since the

3    claim challenges petitioner's sentence, rather than his conviction,

4    petitioner cannot show "'it is more likely than not that no reasonable

5    juror would have convicted him.'"  Id. at 898; see also Padilla v.

6    United States, 416 F.3d 424, 427 (5th Cir. 2005) ("[B]ecause

7    [petitioner] does not attack his conviction and his claim challenges

8    only the validity of his sentence [petitioner's] § 2241 petition does

9    not fall within the savings clause of § 2255. . . ."); Talbott v.

10   Holencik, 2009 WL 322107, *7-8 (C.D. Cal.) (federal habeas

11   petitioner's claim of "actually innocent of being an 'armed career

12   criminal'" fails to show Section 2255 was "inadequate or ineffective"

13   since petitioner challenged only legality of his sentence, which does

14   not show actual innocence); Coles v. United States, 177 F. Supp. 2d

15   710, 713 (N.D. Ohio 2001) ("Petitioner's claim of innocence relates to

16   a sentencing factor - the ACCA enhanced sentence penalty - as opposed

17   to the underlying, substantive crime, for which Petitioner is serving

18   his current sentence.  Consequently, Petitioner's § 2241 claim of

19   'actual innocence' does not fall within the meaning of the savings

20   clause of § 2255. . . .  Therefore, Petitioner has not demonstrated

21   that the remedy afforded pursuant to § 2255 is inadequate or

22   ineffective, and, hence, is not entitled to relief under § 2241."

23   (citation omitted)).

24

25   For all these reasons, this Court finds the pending action is a

26   motion to vacate sentence under Section 2255, and not a habeas corpus

27   petition under Section 2241, and, as such, this Court does not have

28   jurisdiction to consider petitioner's Section 2255 motion.  See 28

1  U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court

2  established by Act of Congress claiming the right to be released upon

3  the ground that the sentence was imposed in violation of the

4  Constitution or laws of the United States, or that the court was

5  without jurisdiction to impose such sentence, or that the sentence was

6  in excess of the maximum authorized by law, or is otherwise subject to

7  collateral attack, may move **the court which imposed the sentence** to

8  vacate, set aside or correct the sentence." (emphasis added)).  Thus,

9  this action should be summarily dismissed for lack of jurisdiction

10 under Local Rule 72-3.2.[2]

11

12                                **ORDER**

13      **IT IS HEREBY ORDERED** that the pending action be construed as a

14 motion to vacate, set aside or correct the sentence under 28 U.S.C.

15 § 2255 and, as such, Judgment shall be entered summarily dismissing

16 the motion for lack of jurisdiction.

17

18      The Clerk of Court is ordered to serve this Opinion and Order and

19 Judgment on petitioner.

20 DATE:  March 6, 2009

                        _Dale S. Fischer_
21                        DALE S. FISCHER
                    UNITED STATES DISTRICT JUDGE

22 PRESENTED BY:
   DATE:  March 4, 2009

23  /S/ Rosalyn M. Chapman
         ROSALYN M. CHAPMAN
24 UNITED STATES MAGISTRATE JUDGE

25 _____

26      [2]  Local Rule 72-3.2 provides that "if it plainly appears
   from the face of the [habeas] petition and any exhibits annexed
27 to it that the petitioner is not entitled to relief, the
   Magistrate Judge may prepare a proposed order for summary
28 dismissal and submit it and a proposed judgment to the District
   Judge."  Local Rule 72-3.2.